UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:20cv23306

**YAISHALI GONZALEZ**,
    Plaintiff,

v.        **[JURY DEMAND]**

**FLORIDA CITY**, a political subdivision of
the State of Florida,
**ALBERT HARRIS**,
sued in his individual capacity,
    Defendant.

## COMPLAINT

Plaintiff, Yaishali Gonzalez, by and through counsel, hereby files her complaint and alleges:

### PARTIES

1. Plaintiff, Yaishali Gonzalez, is a resident of the State of Florida.

2. Defendant, Florida City, is a municipal entity organized pursuant to the laws of Florida.

3. Defendant, Albert Harris, is a police officer with Florida City. Harris is sued in his individual capacity.

4. Harris acted under the color of statute, ordinance, regulation, custom, or usage, of Florida City, Miami Dade County and/or the State of Florida.

5. All condition precedents have been satisfied.

### JURISDICTION & VENUE

6. This action is for legal and equitable relief brought pursuant to 42 USC § 1983 and 1988 regarding violations of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution. Plaintiff's closely related state law claims are within this Court's jurisdiction pursuant to 28 USC § 1367.

7. Venue is proper because a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of Florida.

### STATEMENT OF FACTS



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

8. On August 8, 2019, Gonzalez was patronizing the Walmart store in Florida City, Florida. Gonzalez was peacefully waiting in line in an area in Walmart known as the "MoneyCenter". As Gonzalez was waiting to be called by a customer service representative, another customer skipped Gonzalez in line.

9. In order to avoid confrontation with the customer, Gonzalez saw Harris, an off-duty police officer informed him what had transpired.

10. Harris took it upon himself to mediate the situation. Harris arbitrarily decided that the customer deserve to be in front of Gonzalez. Upon making this decision, Harris placed the customer in front of Gonzalez.

11. Gonzalez then went to the Walmart employee and attempted to explain the situation. While Gonzalez was waiting to speak to the Walmart employee, Harris interjected and was rude, aggressive, and demeaning towards Gonzalez. Gonzalez informed Harris that she wasn't speaking to him. Harris approached Gonzalez and demanded that Gonzalez stop talking. Gonzalez retorted that she knew her rights and did not have to stop talking.

12. Upon this statement, Harris, grabbed Gonzalez. Gonzalez questioned the lawfulness of Harris conduct (i.e. grabbing Gonzalez and placing her under arrest). Gonzalez mother and friend witness the unlawful arrest inquired about arrest. Gonzalez's mother pleaded with Harris not to arrest Gonzalez. Harris ignored the pleas and employed a tazer on Gonzalez's friend.

13. Harris then placed Gonzalez in handcuffs and removed her from Walmart.

14. Harris charged Gonzalez with disorderly conduct and resisting an officer without violence. In order to substantiate Gonzalez's arrest, Harris fabricated probable cause. In his arrest affidavit, Harris stated that Gonzalez had become unruly and a crowd began to gather. This was completely false and there was nothing to corroborate these false statements.

15. Gonzalez spent approximately one day in jail. Gonzalez was then released on bond.

16. On November 12, 2019, the criminal matter was set for trial. On the day of trial, the State of Florida dismissed the charges.

17. As a result of Defendant's conduct, Gonzalez suffered damages. These damages include but not limited to emotional, physical, and financial injury. Gonzalez was humiliated and



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

embarrassed as result of this incident. Additionally, Gonzalez incurred unnecessary legal expenses as a result of the defense of the criminal matter.

18. Harris acted under color of statute, ordinance, regulation, custom, or usage, of Broward and/or the State of Florida.

## Claim 1: Unreasonable Seizure against Harris

19. This action is brought pursuant to 42 USC §1983 in violation of Plaintiff's right to be free of an unreasonable seizure as provided in the Fourth Amendment of the United States Constitution and applied to the states under the Fourteenth Amendment.

20. Gonzalez was subject to an unlawful stop and arrest by Defendant.

21. Defendant did not have reasonable suspicion or probable cause to seize Gonzalez. Gonzalez informing Harris that she knew her rights and she didn't have to stop talking does not amount to reasonable suspicion to stop or probable cause to arrest. She posed no threat to anyone. There was no evidence to suggests that Gonzalez committed a crime, was suspected of committing a crime, was in the process of committing a crime, or was going to commit a crime.

22. As a result of Defendant's unlawful and intentional conduct, Gonzalez's person was unreasonably seized. Defendant detained, handcuffed, and imprisoned Gonzalez.

23. Defendant acted under the color of law pursuant to the laws of Florida. Defendant was a municipally employed officer seizing Gonzalez pursuant to the laws of Florida.

## Claim 2: Retaliatory Action Free Speech against Harris

24. This action is brought pursuant to 42 USC §1983 and in violation of Plaintiff's right to free speech as prescribed by the First Amendment of the United States Constitution and as applied to the states under the Fourteenth Amendment.

25. Gonzalez engaged in conduct or speech protected by the First Amendment when she questioned the lawfulness of Harris's conduct and informed Harris that she knew her rights.

26. Defendant responded with retaliatory action sufficient to deter a person of ordinary firmness from exercising her First Amendment right. Harris physically removed Gonzalez from Walmart, handcuffed her, and placed Gonzalez in custody.

27. The protected activity caused the retaliation. But for Gonzalez's speech (i.e. questioning lawfulness of the polices' conduct and explaining to Harris she knew her rights) Defendant would not have placed Gonzalez in handcuffs and vindictively imprisoned her.



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

28. Defendant acted under the color of law pursuant to the state of Florida. Defendant was a municipally employed officer detaining and imprisoning Gonzalez pursuant to the laws of Florida.

### Claim 3: False Imprisonment/False Arrest against Harris

29. This action is brought pursuant to laws of Florida and alleges that Harris falsely arrested and imprisoned Gonzalez.

30. Gonzalez was subject to an unlawful detention and deprivation of liberty against her will. Specifically, Gonzalez was imprisoned against her will.

31. The detention was unreasonable and not warranted by the circumstances. Based on the objective evidence known to Defendant at the time of Gonzalez's arrest, Defendant knew there was no probable cause to arrest Gonzalez for any offense under Florida law. Gonzalez was a patron at Walmart. She was not the subject of any investigation. Gonzalez's speech of questioning the lawfulness of the officer's conduct did not give rise to any arrestable offense.

32. The detention was intentional. Defendant intended to cause the unlawful detention and deprive Gonzalez of her liberty by placing her in handcuffs and imprisoning her.

33. Moreover, Defendant's actions were done with bad faith, malicious purpose, or with willful, wanton, and deliberate indifference in regard to Gonzalez's rights, health and safety, thus merits an award of punitive damages against said Defendant.

### Claim 5: False Imprisonment/False Arrest against Florida City (State Claim)

34. This action is brought pursuant to laws of Florida and alleges that Florida City falsely arrested Gonzalez.

35. Gonzalez was subject to an unlawful detention and deprivation of liberty against her will. Specifically, Gonzalez was detained and then imprisoned against her will.

36. The detention was unreasonable and not warranted by the circumstances. Based on the objective evidence known to Defendant at the time of Gonzalez's arrest, Defendant knew there was no probable cause to arrest Gonzalez for any offense under Florida law. Gonzalez was not the subject of any investigation. Gonzalez's speech of questioning the lawfulness of the officer's conduct and exercising her rights under the First Amendment did not give rise to any arrestable offense.



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

37. The detention was intentional. Defendant intended to cause the unlawful detention and deprive Gonzalez of her liberty by detaining and imprisoning her.

### Claim 6: Malicious Prosecution against Harris

38. This action is brought pursuant to the laws of Florida against Harris.

39. A criminal proceeding in the County Court of Miami-Dade County, Florida was commenced against Gonzalez. The person responsible for the initiation of the criminal proceeding was Harris.

40. The criminal proceeding ended in all charges dismissed in favor of Gonzalez.

41. There was an absence of probable cause for the original proceeding. At the time of the original proceeding, Defendant did not have probable cause to arrest or prosecute Gonzalez for any of the charges. Specifically, Harris was not involved in the execution of a legal duty. Harris did not observe disorderly conduct or resisting an officer without violence. Gonzalez was peacefully residing in Walmart.

42. There was malice on the part of the Defendant because when he arrested Gonzalez, Harris knew there was not a scintilla of probable cause to support the arrest and the continued prosecution. Harris fabricated probable cause. Harris was the driving force of the criminal proceeding against Gonzalez as there was no other basis for the prosecution of the matter.

43. Gonzalez suffered damages as a result of the criminal proceeding. These damages include but not limited to emotional, physical, and financial injury. Gonzalez suffered humiliation and embarrassment as result of this incident. Additionally, Gonzalez incurred unnecessary legal costs as a result of the defense of this matter.

### PRAYER

Wherefore, Yaishali Gonzalez, demands the following relief against Defendants:

a. Compensatory general and special damages in an amount in accordance with proof;
b. Consequential damages;
c. Exemplary damages, against Defendant, for intentional acts described above or for those done negligently or recklessly or with deliberate indifference, in an amount sufficient to deter the conduct of said Defendant;



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

d. Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. § 1988;

e. Prejudgment and post-judgment interests where permitted by law;

f. Punitive damages;

g. Nominal damages;

h. Costs of suit and interest accrued incurred herein; and

i. Other forms equitable and/or legal relief the Court deems just or proper.

Respectfully submitted by,

PIERRE **SIMON**

Attorneys for Plaintiff
600 Southwest 4th Avenue,
Fort Lauderdale, Florida 33315

By: s/ Faudlin Pierre
Faudlin Pierre, Esq.
FBN. 56770
fplaw08@yahoo.com
(305) 336-9193